UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADEN MONCHE, | ) | CIVIL ACTION NO. 3:22-CV-1516 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JERRY GRILL *et al.*, | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

## I.    INTRODUCTION

On September 29, 2022, Jaden Monche ("Plaintiff") initiated this *pro se* civil rights case. (Doc. 1). In his Complaint, Plaintiff names a host of Defendants involved in his pending criminal proceeding in Pennsylvania state court. *Id*. Plaintiff attempts to bring numerous constitutional claims, claims under the Pennsylvania Code, and claims under the United States code, apparently against all Defendants. Plaintiff is currently incarcerated at Lackawanna County Prison while he awaits trial.

Plaintiff has been granted leave to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). The screening procedures set forth in the statute apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike.[1] Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

---

[1] *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007).

defendant who is immune from such relief.[2] There is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.[3]

After reviewing Plaintiff's Complaint, I conclude that it fails to state a claim upon which relief may be granted. Although Plaintiff's Complaint, as written, would typically be subject to dismissal, I will grant Plaintiff one opportunity to cure the deficiencies noted herein before making a recommendation to the District Court.[4]

## II.   LEGAL STANDARD FOR SCREENING COMPLAINTS FILED IN FORMA PAUPERIS

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or

---

[2] 28 U.S.C. § 1915(e)(2)(B).
[3] *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979).
[4] 28 U.S.C. § 1915(e)(2)(B)(ii)

> (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[5] Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."[6] Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation. It must set forth in a "short and plain" statement of a cause of action.

---

[5] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

[6] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   BACKGROUND & PROCEDURAL HISTORY

This *pro se*, *in form pauperis* action began on September 29, 2022, when Plaintiff lodged this Complaint. (Doc. 1). Plaintiff lists seven Defendants in this action:

1.   Assistant District Attorney of Lackawanna County Jerry Grill ("Defendant Grill");

2.   Officer James A. Giehl ("Defendant Giehl");

3.   The Commonwealth of Pennsylvania ("the Commonwealth");

4.   Lackawanna County Courthouse ("Defendant Courthouse");

5.   Court of Common Pleas of Lackawanna County ("Defendant Court of Common Pleas");

6.   Moosic Police Department ("Defendant Police Department"); and

7.   Judge Michael J. Barrasse ("Judge Barrasse").

Plaintiff's Complaint begins with a page he labels "Introduction" and marks as "Exhibit 0." (Doc. 1, p. 6). This "Introduction" alleges that on November 19, 2020, Plaintiff's mother called an ambulance to her house for Plaintiff, due to injuries from a car accident he had been in a few days earlier. *Id*. Both EMS and Hanover police officers arrived. *Id*. Plaintiff was asked for identification and gave it which the officers then used to run "an NCIC" which informed them Plaintiff "was wanted out of the Borough of Moosic." *Id*. Plaintiff "had no idea why I could

possible [sic] be wanted and wanted to straighten this mess up." *Id*. Instead of being taken to the Moosic Police Department, Plaintiff was "transferred on the street to the custody of 2 Moosic officers" one of whom is Defendant Giehl. *Id*. Plaintiff was never handcuffed or read his *Miranda* rights, nor did he "sign" them. *Id*. Instead, Plaintiff was "thrown right into Lackawanna County Jail" and did not know the charges against him until his arraignment the next day. *Id*. At his arraignment Plaintiff learned he was being charged with: "Felony 1 Aggravated Assault – attempt to cause SBI or extreme indifference, Felony 2 Aggravated Assault – attempt to cause SBI with a deadly weapon, Felony 3 possession of a firearm by a prohibited person, Misdemeanor 2 Reckless Endangerment of another person, and Misdemeanor 2 Simple Assault, Misdemeanor 3 Disorderly Conduct." *Id*. Plaintiff states that he "was never officially arrested or read my *Miranda* rights just thrown into Lackawanna County Prison without handcuffs or told why till [sic] the following morning." *Id*.

Plaintiff's statement of facts begins by describing when, where and on what dates the events giving rise to his claims occurred. *Id*. at p. 7. He begins his factual allegations by saying that his "liberty is being taken from me, my due process rights are not being properly granted and are being violated all NAMED DEFENDANTS has [sic] and still are violating multiple of my right(s) and Amendment(s)." *Id*. (emphasis in original). Plaintiff complains that he is being falsely imprisoned and

held against his will, that his freedom is being taken "by corrupt government officials" and that he has been in Lackawanna County Prison for two years. *Id*. Plaintiff states he is an innocent Hispanic male who is being taken away from his family and that he is not getting equal protection of his "Constitutional rights or US law." *Id*. Plaintiff feels he is guilty until proven innocent and reports that he has written multiple letters to some of the named Defendants "to have my due process rights properly granted to me." *Id*.

Plaintiff then attaches five additional pages titled "Statement of Facts" and labels this "Exhibit 1."[7] (Doc. 1, p. 8-12). Plaintiff states that he has requested his "speedy trial (Rule: 600) rights" numerous times but "they still have not." *Id*. at p. 8. Plaintiff believes that nothing is being done despite "all the Evidence [sic] I as well as the Common Wealth [sic], Jerry Grill, Michael Barrasse, and my lawyer Jillian Kochis have and provided to prove me innocent of all alleged charges and false accusators [sic] . . . ." *Id*. Plaintiff complains he is not getting the "equal or proper protection of law" and that the Commonwealth, Defendants Grill and Barrasse have failed to use due diligence and bring Plaintiff to trial in a timely manner in accordance with his right to a speedy trial and have failed to provide discovery promptly which has resulted in delays. *Id*. at p. 8-9.  Plaintiff alleges none

---

[7] Plaintiff calls the pages "attached" and labels them as "Exhibit 1," however these pages appear within Plaintiff's Complaint. (Doc. 1).

of the Defendants are "handling this matter in Good Faith and clean hands." *Id.* at p. 9. Plaintiff states he, his mother, and his Public Defender Jillian Kochis have all the legal documents pertaining to this matter. *Id.*

On December 23, 2020, Plaintiff had a preliminary hearing over video. *Id.* Plaintiff alleges that at this hearing the Commonwealth and Defendant Grill did not establish a prima facie case, establish the crime was committed, or provide probable cause that the crime was committed. *Id.* The Commonwealth and Defendant Grill also allegedly allowed the victim to commit perjury and "be lead on while in the holding cell he was in till [sic] the Judge (Paul Ware) brought it till [sic] attention," and did not allow Plaintiff to confront his accuser.  *Id.* Plaintiff states that at this preliminary hearing the alleged victim said multiple times that he did not know Plaintiff or what happened and "kept saying over and over "[h]e does not know who this guy is at all" and stated only reason he showed the cops a picture of my facebook was because a 3rd [sic] party" who was not present at the scene of the crime sent the alleged victim a photo of Plaintiff's facebook. *Id.* at p. 9-10. Plaintiff alleges that to this day the victim continues to state that he does not know Plaintiff, that Plaintiff does not know him and that Plaintiff did not do this. *Id.* at p. 10.

Plaintiff recaps, saying he is being "randomly picked out" by a third party who he does not know and was not allowed to confront. *Id.* Plaintiff believes he should be allowed to confront this third party since they are his real accuser. Plaintiff

believes he is "falsely imprisoned by the Government" because of "biased wild false accusations" and that nothing is being done. *Id*.

On February 5, 2021, Plaintiff had a pre-trial conference via video and " the Commonwealth, Jerry Grill and Michael Barrasse failed to go by the pre-trial conference proceeding rule 421 (Look at Attached page Legal claims) [sic]." *Id*. Defendant Grill allegedly informed Plaintiff that he could not provide discovery because there was no evidence. *Id*. At this pre-trial conference Defendant Grill did not provide evidence showing a crime occurred or that the alleged offenses were committed. *Id*. Plaintiff alleges that at this conference Judge Barrasse did not note objections or agreements on the record. *Id*. at p. 11. Plaintiff states in a separate bullet point "failed to provide me a discovery or any discovery information" but it is not clear who Plaintiff is saying failed to provide this information. *Id*.

Trial was scheduled for April 19, 2021, as no guilty plea was entered, nor, Plaintiff states, will he ever enter one. *Id*. Trial did not take place on April 19, 2021, and the Commonwealth, Defendant Grill and Judge Barrasse did not explain why trial did not begin as scheduled. *Id*.

On August 23, 2021, Plaintiff's Public Defender Jillian Kochis filed an Omnibus Pre-trial Motion. *Id*. Plaintiff alleges this motion shows the "facts and illegal things that is being done to me and to prove me and show me innocent." *Id*. Plaintiff also states the Motion explains how his due process rights were violated by

the Moosic Police Department and how his Sixth Amendment right of confrontation was violated on December 23, 2020. *Id*.

Around June 16, 2022, Plaintiff received "a discovery" from his lawyer that came from the Commonwealth and Defendant Grill, which Plaintiff alleges provides no evidence that he committed a crime and only contains information about "other people and there [sic] own different case(s). Nothing dealing with this matter." *Id*. at p. 11-12.

Plaintiff states that on June 27 his second and final pre-trial conference was scheduled but that he was never called to court.[8] *Id*. at p. 12. Trial was scheduled to begin on July 11, 2022 but did not. *Id*.

Plaintiff states that it is now September of 2022 and he does not know what is going on with his case, he is "left in the dark" while his rights continue to be violated. *Id*. Plaintiff alleges that "none of my motions, court date(s) or pretrial and trial dates are being made public as its suppose [sic] to." *Id*. Plaintiff's family cannot find anything about his criminal case and when Plaintiff asked the correctional officers to look in their computer to "see what alleged charges it says" the officers told him "it doesn't say anything about this matter at all." *Id*. Plaintiff states that "not only are my right(s) being violated its [sic] being done in the dark so no one will know .

---

[8] Above June 27 Plaintiff writes "(2020)," however the Court believes Plaintiff meant 2022 as this would be in keeping with the timeline of the case.

. . ." *Id*. Plaintiff alleges that all seven of the named Defendants "know and have some type of dealing in this illegal matter that is being done to me." *Id*.

Plaintiff attaches several documents to his Complaint. These include his Omnibus Pre-trial Motion, (Doc. 1-1, p. 1-9), his Brief in Support of his Omnibus Pre-trial Motion, (Doc. 1-1, p. 10-26), a copy of the transcript of his preliminary hearing, (Doc. 1-1, p. 27-69), a copy of the photo lineup used to identify him, (Doc. 1-1, p. 70-73), an email between Defendant Grill and Plaintiff's public defender Jillian Kochis forwarding an email exchange between Defendant Grill and Defendant Giehl, (Doc. 1-1, p. 74), a copy of what appears to be a Pre-trial Scheduling Order, (Doc. 1-1, p. 75), and an Order indicating the final Pre-trial and trial commencement dates, (Doc. 1-1, p. 76). In particular, Plaintiff directs the Court's attention to the Omnibus Pre-trial Motion and Brief in Support and the transcript of his preliminary hearing multiple times throughout his Complaint.

To the extent that Plaintiff wanted to incorporate any facts or claims in those documents into this Complaint, he would have needed to write them in his Complaint. This is so because Plaintiff's Complaint must comply with Federal Rule of Civil Procedure 8, the general idea of which is "to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.""[9] A complaint must

---

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

contain "a short and plain statement of the claim showing the pleader is entitled to relief."[10] The complaint should allow a defendant to "meaningfully answer or plead to it . . . ."[11]

Plaintiff's Omnibus Pre-trial Motion and Brief in Support are criminal court documents seeking different relief than Plaintiff is requesting here in his civil action.[12] Moreover, Plaintiff does not cite to specific sections in either document, leaving it up to the Court to go search for his claims. The Court should not have to do this as they should be stated clearly in his Complaint.[13] Additionally, aside from the reference to the United States Sixth Amendment right to confrontation, (Doc. 1-1, p.5), it is unclear whether Plaintiff is seeking relief in his Omnibus Pre-trial Motion under the Pennsylvania Constitution or the United States Constitution, or both.

Plaintiff brings numerous 42 U.S.C. § 1983 claims under the federal Constitution, as well as claims under the Pennsylvania Code, and the United States Code. *Id*. at p. 13-15. These include claims under the Fifth/Fourteenth, Sixth, Eighth, Ninth, Tenth, and Fourth Amendment. *Id*. Plaintiff does not state which of his claims

---

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

[12] Plaintiff's Omnibus Pre-trial Motion seeks a writ of habeas corpus, suppression of evidence and the appointment of an investigator. (Doc. 1-1 p. 1-26). As will be discussed below, Plaintiff cannot seek injunctive relief in a federal court at this time.

[13] Fed. R. Civ. P. 8.

he is bringing against which Defendants. Plaintiff states that all the Defendants know and have participated in what is happening to him. For the purposes of this screening order the Court will construe Plaintiff's Complaint as attempting to bring each of his claims against each Defendant. *Id*. at p. 7, 12. Should Plaintiff choose to amend his Complaint he should clearly state which claim(s) he is bringing against which Defendant(s).

Plaintiff states multiple injuries. Plaintiff alleges he has mental health struggles and illnesses such that he had to be put on medication. *Id*. at p. 16. Plaintiff states this experience is traumatizing and that he believes "all law enforcement and government official(s) are out to get me and harm me." *Id*. Plaintiff fears for his life and has PTSD that started after he was in a car accident two weeks before he was arrested. *Id*. Plaintiff states during his first week in Lackawanna County Prison he had to be taken to a hospital to be "re stitched [sic] up." *Id*. Plaintiff was "mentally messed up" and his PTSD was made worse by being incarcerated "right after" the car accident for something he "did not do or have knowledge about . . . ." *Id*. Plaintiff has "a really bad sleeping disorder do [sic] to this whole ordeal." *Id*.

Plaintiff seeks several kinds of relief. Plaintiff wants "the Court to order all Defendant(s) to from here on out handle all matters in good faith and clean hands." *Id*. at p. 17. Plaintiff also requests a restraining order against all named Defendants. *Id*. Plaintiff wants his immediate release from Lackawanna County Prison and to

have all charges against him dropped. *Id*. Plaintiff seeks monetary damages for the time he has spent in prison, for the violations of his rights, for "stress, depression, paranoia, PTSD, and pain," and for being robbed of two years of his life. *Id*.

## IV.   ANALYSIS

We begin by outlining Plaintiff's claims and deficiencies.

a.  This Court cannot grant Plaintiff the injunctive relief he is requesting.

b.  Staying Plaintiff's claim for monetary damages in not appropriate.

c.  Plaintiff is unable to state a 42 U.S.C. § 1983 claim against Defendant Courthouse.

d.  Plaintiff is unable to state a 42 U.S.C. § 1983 claim against Defendant Court of Common Pleas.

e.  Plaintiff is unable to state a claim against the Commonwealth.

f.  Plaintiff is unable to state a 42 U.S.C. § 1983 claim against Judge Barrasse in his official capacity.

g.  Plaintiff cannot state a Sixth Amendment 42 U.S.C. § 1983 Confrontation Clause claim.

h.  Plaintiff cannot state a Sixth Amendment 42 U.S.C. § 1983 speedy trial claim for monetary damages.

i.  Plaintiff cannot state an Eighth Amendment 42 U.S.C. §1983 cruel and unusual punishment claim.

j.  Plaintiff cannot state a Ninth Amendment 42 U.S.C. §1983 claim.

k.  Plaintiff cannot state a Tenth Amendment 42 U.S.C. § 1983 claim.

l.  Plaintiff's remaining claims are not plead in accordance with Federal Rules of Civil Procedure 8 or 10.

m. Plaintiff fails to state any 42 U.S.C. § 1983 claim against Defendant Police Department.

n.  Plaintiff fails to state any 42 U.S.C. § 1983 claim against Defendant Giehl in his official capacity.

o.  Plaintiff fails to state any 42 U.S.C. § 1983 claim against Defendant Grill in his official capacity.

p.  Plaintiff fails to state a Fourth Amendment 42 U.S.C. § 1983 false arrest claim.

q.  Plaintiff fails to state a Fourth Amendment 42 U.S.C. § 1983 false imprisonment claim.

r.  Plaintiff fails to state a Sixth Amendment 42 U.S.C. §1983 public trial claim.

s.  Plaintiff fails to state a Fifth or Fourteenth Amendment 42 U.S.C. § 1983 claim.

t.  Plaintiff should consider the potential immunity of the remaining Defendants if he chooses to amend his complaint.

u.  Plaintiff fails to state a claim under the Pennsylvania Code.

v.  Plaintiff fails to state a claim under the United States Code.

The Court will explain each of these conclusions in turn.

## A. THIS COURT CANNOT GRANT PLAINTIFF THE INJUNCTIVE RELIEF HE REQUESTS

As relief Plaintiff requests this Court "have all charges against [sic] me dropped and have me immediately released from Lackawanna County Prison." (Doc. 1, p. 17). To the extent Plaintiff is asking this Court to intervene in his state criminal case the Court cannot do so and must abstain from interfering with state criminal proceedings under the *Younger* doctrine.[14] "Abstention under *Younger* is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[15]

Here there is no question that there are ongoing judicial state proceedings. Plaintiff is awaiting trial for state criminal charges as he states in his Complaint. (Doc. 1). State criminal proceedings implicate the important state interest in enforcing their laws.[16] Plaintiff is able to raise federal claims in his state criminal

---

[14] *Duran v. Weeks*, 399 F. App'x 756, 758 (3d Cir. 2010). *See Younger v. Harris*, 401 U.S. 37 (1971).

[15] *Schall v. Joyce*, 885 F.2d 101, 106 (3d. Cir. 1989).

[16] *Duran*, 399 F. App'x at 758.

proceeding.[17] Indeed, it appears Plaintiff believes he has raised federal claims during

his state criminal proceeding.[18] Thus, *Younger* applies and this Court must abstain

from interfering with the state criminal proceedings against Plaintiff.[19]

Plaintiff explicitly seeks his immediate release from Lackawanna County

Prison and to have all charges against him dropped. (Doc. 1, p. 17). This Court

cannot grant him this relief as "to the extent that [Plaintiff] is seeking dismissal of

the charges against him as a result of constitutional violations, he is essentially

asking for relief only available through habeas corpus."[20]

---

[17] "Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings. Thus, this Court may assume that the state procedures will afford an adequate remedy." *Cade v. Newman*, 422 F. Supp. 2d 463, 466 n.2 (D.N.J. 2006) (citing *Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir.1995)).

[18] Plaintiff attaches to his Complaint a copy of an Omnibus Pre-trial Motion and his Brief in Support of that Motion that were filed on his behalf (Doc 1-1). Plaintiff refers the Court to those documents multiple times throughout his Complaint, saying they show how he is being falsely imprisoned and accused, (Doc. 1, p. 10), show how his speedy trial rights were violated, show how Defendant Police Department violated his due process rights and show how his Sixth Amendment right to confrontation was violated (Doc. 1, p. 11). This indicates Plaintiff believes he was able to raise federal claims during his criminal proceeding through this Motion.

[19] There are exceptions to *Younger*. As relevant to a state criminal case, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Plaintiff has not "prove[d] harassment" or that his prosecution has been "undertaken . . . in bad faith." *Id*.

[20] *Duran*, 399 F. App'x at 758.

Plaintiff also seeks a restraining order against all the Defendants and an order of this Court requiring all Defendants to "from here on out handle all matters in good faith and clean hands." (Doc. 1, p. 17). The Court cannot grant Plaintiff this relief.

### B. This Court Must Determine Whether Staying Plaintiff's Claims for Monetary Damages is Appropriate

In addition to injunctive relief, Plaintiff also seeks monetary damages from all Defendants. (Doc. 1, p. 17). Where a court "abstain[s] from adjudicating a claim for injunctive relief, [the court] should stay and not dismiss accompanying claims for damages . . . when such relief is not available from the ongoing state proceedings."[21] However, a court is not required to stay proceedings where a plaintiff's claims are meritless.[22] Thus, this Court must analyze Plaintiff's claims to determine whether they are with merit, and if they are, this Court must stay these proceedings. For the reasons explained below, the Court finds Plaintiff's claims to be meritless and therefore subject to dismissal.

### C. Plaintiff Cannot State Any 42 U.S.C. § 1983 Claim against Defendant Courthouse

One requirement of any § 1983 claim is that Plaintiff must allege facts that show the deprivation of his federally protected right was committed *by a person*

---

[21] *Monaghan v. Deakins*, 798 F.2d 632, 635 (3d Cir. 1986), *aff'd in part, vacated in part*, 484 U.S. 1983, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988) (citing *Crane v. Fauver*, 762 F.2d 325, 328-29 (3d Cir. 1985).

[22] *Miles v. Zech*, 788 Fed. App'x 164, 167 (3d Cir. 2019).

action under color of state law.[23] A courthouse, "as a state entity, is not a "person" under § 1983, and therefore may not be sued thereunder."[24] "Federal civil rights Claims against a courthouse are not cognizable under § 1983."[25] Thus Plaintiff cannot state any § 1983 claim against Defendant Courthouse.

### D. PLAINTIFF CANNOT STATE ANY 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT COURT OF COMMON PLEAS

The Court of Common Pleas of Lackawanna County is a part of the unified judicial system of Pennsylvania.[26] "All courts in the unified judicial system are a part of the Commonwealth and are entitled to Eleventh Amendment immunity."[27] Therefore Plaintiff cannot state any § 1983 claims against Defendant Court of Common Pleas.

### E. PLAINTIFF'S CLAIMS AGAINST THE COMMONWEALTH ARE BARRED BY THE 11TH AMENDMENT

Plaintiff attempts to bring numerous claims against the Commonwealth, however they are barred by the immunity conferred by the Eleventh Amendment.

---

[23] *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

[24] *Devenshire v. Kwidis*, Civ. A. No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016), *report and recommendation adopted* 2:15cv1026, 2016 WL 4010977 (W.D. Pa. July 27, 2016). *See also Elansari v. United States*, Civ. No. 3:15-CV-1461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016).

[25] *William-Whitfield v. Commonwealth Leigh Cty. Prison*, Civ. A. No. 21-4544, 2022 WL 657072, at *8 (E.D. Pa. March 4, 2022).

[26] 42 Pa. Stat. and Cons. Stat. Ann. § 301 (West, 2005).

[27] *Green v. Domestic Relations Section Ct. Com. Pl. Compliance Unit Montgomery Cty.*, 649 F. App'x 178, 181 (3d Cir. 2016).

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . ."[28] By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state.

Eleventh Amendment protection, however, is not absolute. A state or state agency's sovereign immunity under the Eleventh Amendment may be relinquished through (1) waiver by a state's consent to suit against it in federal court and (2) the abrogation of such immunity by an act of Congress.[29] However, neither of these exceptions are applicable.

The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity by consenting to suit in federal court.[30]

Plaintiff attempts to bring claims in federal court against the Commonwealth. Congress has not abrogated States' immunity under 42 U.S.C. § 1983 and the

---

[28] U.S. Const. amend. XI.

[29] *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984).

[30] 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States); 1 Pa. C.S. § 2310 ("the Commonwealth . . . shall continue to enjoy sovereign immunity and remain immune from suit. . . ."); *see also Slavish v. City of Wilkes-Barre*, No. 3:17-CV-1468, 2018 WL 5289500 at *9-10 (M.D. Pa. June 14, 2018) ("Although the Commonwealth has expressly waived its sovereign immunity from suit in state court in nine specific areas, it has not waived its immunity from being sued in federal court for any reason.").

Commonwealth has not otherwise waived its immunity.[31] Plaintiff does not suggest that the Commonwealth's immunity from suit in federal court as to his attempted Pennsylvania Code and United States Code claims has been waived or abrogated by Congress. Therefore, Plaintiff's claims against the Commonwealth are barred by the Eleventh Amendment.

### F.  PLAINTIFF CANNOT STATE ANY 42 U.S.C. § 1983 CLAIM AGAINST JUDGE BARRASSE IN HIS OFFICIAL CAPACITY

Plaintiff attempts to bring his claims against  Judge Barrasse is his official capacity. "Pursuant to Pennsylvania law, Pennsylvania state courts and their judges are part of the Commonwealth government."[32] This means that Judge Barrasse is a state official, and a lawsuit "against state officials in their official capacity [] should be treated as suits against the State."[33] As discussed above in Section IV(E), the Eleventh Amendment confers immunity from suit in federal court on the Commonwealth which has not been abrogated or waived making the Commonwealth immune from suit. Thus, Plaintiff cannot bring a § 1983 claim against Judge Barrasse in his official capacity.

---

[31] *Phillips v. James*, No. 13-1196, 2014 WL 1652914, at *8 (W.D. Pa. Apr. 23, 2014) ("Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages . . . .").

[32] *Devenshire*, 2016 WL 4032881, at *2 (citing 42 PA. CONS. STAT. 102 (2013)).

[33] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

## G. PLAINTIFF CANNOT STATE A SIXTH AMENDMENT 42 U.S.C. § 1983 CONFRONTATION CLAUSE CLAIM AGAINST ANY DEFENDANT

Plaintiff attempts to bring a Sixth Amendment § 1983 Confrontation Clause claim alleging that he was unable to confront the individual who was actually his alleged accuser. (Doc. 1, p. 9-10). There is no "federal constitutional right to confront witnesses at a preliminary hearing."[34] Therefore Plaintiff cannot state a Sixth Amendment §1983 Confrontation Clause claim against any Defendant.

## H. PLAINTIFF CANNOT STATE A SIXTH AMENDMENT 42 U.S.C. § 1983 SPEEDY TRIAL CLAIM FOR MONETARY DAMAGES AGAINST ANY DEFENDANT

Plaintiff seeks monetary damages against Defendants for the violation of his Sixth Amendment speedy trial right. However, monetary damages are not an available remedy for such a claim "as the only remedy for such a violation is dismissal of any criminal charges."[35] Thus, Plaintiff cannot bring a Sixth

---

[34] *Kitcherman v. Lamas*, Civ. A. No. 13-6625, 2015 WL 3814539, at *5 (E.D. Pa. June 18, 2015). *See McCray v. State of Ill.*, 386 U.S. 300, 313-14 (1967) (concluding Petitioner's allegation "the State violated the Sixth Amendment by not producing the informer to testify against the petitioner" was "absolutely devoid of merit.").

[35] *Batch v. Lauricia*, No. 2:19-CV-01046-CRE, 2021 WL 4086130, at *8 (W.D. Pa. Aug. 16, 2021), *report and recommendation adopted*, No. 2:19-CV-01046-CCW, 2021 WL 4078655 (W.D. Pa. Sept. 8, 2021), *aff'd*, No. 2:19-CV-01046-CCW, 2021 WL 4236741 (W.D. Pa. Sept. 17, 2021) (citing *United States v. MacDonald*, 435 U.S. 850, 861(1978).

Amendment § 1983 speedy trial claim for monetary damages against any Defendant.[36]

## I. PLAINTIFF CANNOT STATE AN EIGHTH AMENDMENT 42 U.S.C. § 1983 CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST ANY DEFENDANT

Plaintiff attempts to bring an Eighth Amendment § 1983 cruel and unusual punishment claim against Defendants. The Court is unable to determine what it is exactly that Plaintiff is claiming is cruel and unusual punishment. Regardless of what Plaintiff may be trying to claim is cruel and unusual punishment, the Eighth Amendment does not apply until there is a "formal adjudication of guilt . . . ."[37] Before such an adjudication "pre-trial detainees . . . are protected by the Due Process Clause of the Fourteenth Amendment."[38] Plaintiff has made it clear that he has not been brought to trial, nor has there been a guilty plea. (Doc. 1, p. 11-12). Therefore, he has no Eighth Amendment § 1983 cruel and unusual punishment claim against any Defendant. Plaintiff does attempt to bring a due process claim which is analyzed below in Section IV(S).

---

[36] As stated in Section IV(A), this Court cannot order the dismissal of Plaintiff's state court criminal charges.

[37] *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *See Tri Thanh Nguyen v. Franklin Cty. Sheriffs Dep't.*, 512 F. App'x 188, 190 (3d Cir. 2013).

[38] *Tri Thanh Nguyen*, 512 F. App'x at 190.

### J.  PLAINTIFF CANNOT STATE A NINTH AMENDMENT 42 U.S.C. § 1983 CLAIM AGAINST ANY DEFENDANT

Plaintiff seeks to bring a Ninth Amendment § 1983 claim against Defendants, however he cannot do so. The Ninth Amendment "by itself does not confer substantive rights for purposes of §1983."[39] That Amendment does not "secure[]" any constitutional rights.[40] Therefore Plaintiff cannot state a Ninth Amendment §1983 claim against any Defendant.[41]

### K. PLAINTIFF CANNOT STATE A TENTH AMENDMENT 42 U.S.C. § 1983 CLAIM AGAINST ANY DEFENDANT

Plaintiff attempts to bring a Tenth Amendment § 1983 claim against Defendants, however he is unable to do so. Like the Ninth Amendment, the Tenth Amendment "has never been recognized as independently securing any substantive constitutional rights cognizable in a § 1983 cause of action."[42] Thus, Plaintiff cannot state a Tenth Amendment § 1983 claim against any Defendant.

---

[39] *Soder v. Chenot*, Civ. No. 4:CV-06-1522, 2007 WL 4556670, at *4 (M.D. Pa. Dec. 20, 2007). *See also Bervinchak v. E. Hempfield Twp.*, No. 5:20-cv-05421, 2021 WL 2525561, at *3 (E.D. Pa. June 21, 2021).

[40] *Charles v. Brown*, 495 F. Supp. 862, 864 (N.D. Ala. 1980). *See also Soder*, 2007 WL 4556670, at *4.

[41] *Id.*

[42] *Soder*, 2007 WL 4556670, at *4 (citing *Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986)). *See also Bervinchak*, 2021 WL 2525561, at *3.

## L. PLAINTIFF'S REMAINING CLAIMS ARE NOT PLEAD IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURE 8 AND 10

Plaintiff's remaining claims do not meet the pleading requirements of Federal Rule of Civil Procedure 8 or the form of pleading requirements of Federal Rule of Civil Procedure 10.[43] The remaining claims include: Fourth Amendment false arrest and false imprisonment claims, a Fifth/Fourteenth Amendment due process claim and a Sixth Amendment public trial claim. (Doc. 1).

Federal Rule of Civil Procedure 8(a)(2) states "a pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(d)(1) further requires "each allegation must be simple, concise, and direct."

As explained, the idea is that Rule 8 requires a complaint "to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.""[44] The complaint should allow a defendant to "meaningfully answer or plead to it . . . ."[45] To state a claim, a Plaintiff must plead ""enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element[s]" and

---

[43] While a *pro se* plaintiff is entitled to a liberal construction of their pleading, they are not "excused from complying with the rules of procedural and substantive law." *Hayden v. Allegheny Health Network*, No. 2:21-cv-525, 2022 WL 783430, at *5 (W.D. Pa. Mar. 15, 2022); *see McNeil v. U.S.*, 508 U.S. 106, 113 (1980).

[44] *Twombly*, 550 U.S. at 545 (quoting *Conley* 355 U.S. at 47).

[45] *Binsack*, 438 F. App'x at 160.

Plaintiff's Complaint does not do so.[46] The Court will examine these deficiencies in greater detail in the following sections. If Plaintiff chooses to amend his Complaint, he must comply with Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 10(b) requires a pleading to list "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The Rule continues, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count…."[47] Following Federal Rule of Civil Procedure 10(b)'s mandate of using "separate counts becomes increasingly important" where, as here, "a plaintiff files suit against multiple defendants and alleges various claims against each."[48] Should Plaintiff choose to amend his Complaint, his required compliance with Rule 10(b), stating each claim in "numbered paragraphs" and limiting each "to a single set of circumstances," will make Plaintiff's Complaint easier to understand and help him come into compliance with Rule 8.

In bringing his claim into compliance with these Rules, the Court notes for Plaintiff that generally, there are two fundamental requirements for every § 1983 claim. "Section 1983 imposes civil liability upon any person who, acting under the

---

[46] *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

[47] Fed. R. Civ. P. 10(b).

[48] *Carter v. Kane*, No. CV 16-7 Erie, 2018 WL 774468, at *2 (W.D. Pa. Feb. 8, 2018) (citing *Walker v. Wentz*, Civ. Action No. 1:06-CV-2411, 2008 WL 450438, at *1-7 (M.D. Pa. Feb. 15, 2008)).

color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[49] "It is well settled that § 1983 does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[50] To bring a claim under § 1983, a plaintiff must allege facts that show: 1) a deprivation of a federally protected right, and 2) that this deprivation was committed by a person acting under color of state law.[51]

Additionally, a plaintiff must plead personal involvement of each individual defendant as "individual liability can be imposed only if the state actor played an "affirmative part" in the alleged misconduct, either through personal direction of or actual knowledge and acquiescence in the deprivation."[52] It is not enough to state "a mere hypothesis that an individual defendant had personal knowledge of or involvement in depriving the plaintiff of his rights," as that "is insufficient to establish personal involvement."[53] Many § 1983 claims, for example a Fourth Amendment false arrest claim, have their own unique elements that must be

---

[49] *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

[50] *Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014) (internal citations omitted)).

[51] *Woloszyn*, 396 F.3d at 319.

[52] *Gannaway v. PrimeCare Med., Inc.*, 150 F. Supp. 3d 511, 527 (E.D. Pa. 2015), *aff'd sub nom, Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91 (3d Cir. 2016) (citing *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986)).

[53] *Id.*

sufficiently plead. The Court will discuss these elements as relevant in the sections below.

### M. PLAINTIFF FAILS TO STATE ANY 42 U.S.C. § 1983 CLAIMS AGAINST DEFENDANT POLICE DEPARTMENT

It appears that Plaintiff attempts to bring all his remaining § 1983 claims against Defendant Police Department. (Doc. 1). This Court construes these claims as municipal liability claims under *Monell*. If a plaintiff wishes to recover under § 1983 from a municipality they must:

(1) identify a policy or custom that deprived [them] of a federally protected right,

(2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and

(3) establish a direct causal link between the policy or custom and the plaintiff's injury.[54]

A policy "is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers."[55] A custom need not be formally adopted by the municipality but may impose liability where "the relevant practice is

---

[54] *Blasi v. Borough of Pen Argyl*, Civ. A. No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (citing *Bd. Of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

[55] *Id*. (citing *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978).

so widespread as to have the force of law."[56] A plaintiff is also able to bring a municipal liability *Monell* claim "under certain circumstances" where "constitutional violations result[] from [a municipality's] failure to train municipal employees."[57]

In this case Plaintiff has plead none of these required elements of a *Monell* claim. Plaintiff makes no reference to a policy or custom that works to deprive him of any of his constitutional rights, nor does Plaintiff allege any failure to train by Defendant Police Department.[58] Therefore Plaintiff fails to state any § 1983 claims against Defendant Police Department.

### N. Plaintiff Fails to State Any 42 U.S.C. § 1983 Claims Against Defendant Giehl in His Official Capacity

Plaintiff attempts to bring § 1983 claims against Defendant Giehl in his official capacity. "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."[59] Defendant

---

[56] *Bd. Of Cty. Comm'rs of Bryan Cty., Okla*, 520 U.S. at 404 (citing *Monell*, 436 U.S. at 690-91).

[57] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989).

[58] In his Complaint, Plaintiff directs the Courts attention to the Omnibus Pre-trial Motion that was filed on his behalf, stating the Motion and Brief in Support "shows and tells how Moosic Police Department violated my Due Process Rights." (Doc. 1, p. 11). Again, this Court (and Defendants) should not have to search through Plaintiff's Omnibus Pre-trial Motion and Brief in Support to find Plaintiff's claim and/or facts. They should be clearly stated in his Complaint.

[59] *Hafer*, 502 U.S. at 25 (1991) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985), *Monell,* 436 U.S. at 690 n. 55 (internal quotation marks omitted).

Giehl is a Moosic Police Officer, meaning he is an agent of the Moosic Police Department. (Doc. 1, p. 6). Suing Defendant Giehl in his official capacity is thus treated as a suit against the Moosic Police Department. Plaintiff names Moosic Police Department as a Defendant, and as explained above in Section IV(M), Plaintiff does not state any § 1983 municipal liability claims against Defendant Police Department. Therefore Plaintiff fails to state any § 1983 claims against Defendant Giehl in his official capacity.

### O. PLAINTIFF FAILS TO STATE ANY 42 U.S.C. § 1983 CLAIMS AGAINST DEFENDANT GRILL IN HIS OFFICIAL CAPACITY

Plaintiff attempts to bring § 1983 claims against Defendant Grill in his official capacity. Again, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."[60] Defendant Grill is an Assistant District Attorney for Lackawanna County. In Pennsylvania, "county prosecutors can have a "dual or hybrid status,""[61] and "county . . . law enforcement officials may be State officials when they prosecute crimes or otherwise carry out policies established by the State but serve as local policy makers when they manage or administer their own offices."[62]

---

[60] *Hafer*, 502 U.S. at 25 (quoting *Graham*, 473 U.S. at 165, *Monell*, 436 U.S. at 690 n.55) (internal quotation marks omitted).

[61] *Carter v. City of Phila.*, 181 F.3d 339, 353 (3d Cir. 1999) (quoting *Coleman v. Kaye,* 87 F.3d 1491, 1499 (3d Cir.1996)).

[62] *Carter v. City of Phila.*, 181 F.3d at 352.

If Plaintiff is attempting to sue Defendant Grill for the actions he has taken in prosecuting Plaintiff, as it appears he does,[63] then Defendant Grill would be considered a state official. Again, a lawsuit "against state officials in their official capacity [] should be treated as [a] suit[] against the State."[64] As discussed above in Section IV(E), the Eleventh Amendment confers immunity from suit in federal court on the Commonwealth. Thus, Plaintiff cannot bring a § 1983 claim against Defendant Grill in his official capacity for his actions in prosecuting Plaintiff.

If Plaintiff is attempting to sue Defendant Grill for the actions he has taken in managing or administering his office, Defendant Grill would be a county official. As explained above, official capacity suits are really brought against the "entity of which an officer is an agent,"[65] which would make Plaintiff's official capacity suit against Defendant Grill in his managerial or administrative role, *if* he has such a role, a suit against Lackawanna County. As a local government, a county's municipal liability for § 1983 purposes is evaluated under *Monell*.[66] The elements of a *Monell* claim are described above in Section IV(M). Plaintiff does not plead any facts that suggest he is suing Defendant Grill for actions taken in any managerial or

---

[63] Plaintiff's Complaint only discusses actions Defendant Grill has taken in prosecuting Plaintiff's state criminal case. (Doc. 1, p. 7-12).

[64] *Hafer*, 502 U.S. at 25.

[65] *Hafer*, 502 U.S. at 25 (1991) (quoting *Graham,* 473 U.S. at 165; *Monell,* 436 U.S. at 690 n. 55 (internal quotation marks omitted).

[66] *See Parker v. Butler Cty., Pennsylvania*, 832 F. App'x 777 (3d Cir. 2020).

administrative role Defendant Grill may have, nor does Plaintiff plead any facts suggesting Lackawanna County has a policy or custom that caused him constitutional injury. Therefore Plaintiff fails to state a § 1983 official capacity claim against Defendant Grill in any managerial or administrative role he may have.

### P.  PLAINTIFF FAILS TO STATE A FOURTH AMENDMENT 42 U.S.C. § 1983 FALSE ARREST CLAIM

Plaintiff attempts to bring a Fourth Amendment § 1983 false arrest claim. In addition to pleading deprivation of a federally protected right by a state official acting under the color of law[67] and each Defendant's personal involvement in that deprivation,[68] "[t]o state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."[69] Plaintiff does not allege sufficient facts against the remaining Defendants (Defendants Grill, Giehl, and Barrasse in their individual capacities) to plead a Fourth Amendment § 1983 false arrest claim.

Plaintiff alleges that on November 19, 2020, he was "transferred on the street to the custody of 2 Moosic officers one would be Officer James Giehl." (Doc. 1, p. 6). Plaintiff alleges he was never handcuffed or Mirandized but was taken and "thrown right into Lackawanna County Jail." *Id*. Plaintiff explicitly states, "I was

---

[67] *Woloszyn*, 396 F.3d at 319.

[68] *Gannaway*, 150 F. Supp. 3d at 527 (citing *Chinchello*, 805 F.2d at 133).

[69] *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

never officially arrested." *Id*. A necessary element of a Fourth Amendment § 1983 false arrest claim is that there was an arrest.[70] Plaintiff alleges there was never an arrest.

Even ignoring Plaintiff's claim that there was no arrest and proceeding as if there was in fact an arrest, Plaintiff still fails to state this claim. Plaintiff never alleges that Defendant Giehl did not have probable cause to arrest him. Plaintiff states that after Hanover police officers ran "an NCIC" on him he was told he "was wanted out of the Borough of Moosic," which seems to at least suggest there was a warrant out for his arrest that came up when his name was run. (Doc. 1, p. 6). If true, this would indicate a judicial officer found there was probable cause for his arrest *Id*.  Therefore Plaintiff fails to state a Fourth Amendment § 1983 false arrest claim against Defendant Giehl in his individual capacity.

As to Defendants Grill and Barrasse in their individual capacities, again Plaintiff claims he was never arrested. (Doc. 1, p. 6). Proceeding as if there were an arrest, Plaintiff still alleges no facts suggesting how Defendants Grill and Barrasse were personally involved in his arrest. They are never mentioned in relation to the November 19, 2020, events that lead to Plaintiff's incarceration. Plaintiff thus fails to state a Fourth Amendment § 1983 claim against Defendants Grill and Barrasse in their individual capacities.

---

[70] *James*, 700 F.3d at 680.

**Q. Plaintiff Fails to State a Fourth Amendment 42 U.S.C. § 1983 False Imprisonment Claim**

Plaintiff attempts to bring a Fourth Amendment § 1983 false imprisonment claim. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."[71] To make out a claim for false imprisonment, Plaintiff must plead the § 1983 basics: deprivation of a federally protected right by a state official acting under the color of law[72] and each Defendant's personal involvement in that deprivation.[73] Plaintiff also "must establish (1) that [he] was detained; and (2) that the detention was unlawful."[74]

Plaintiff does not allege the §1983 basic requirement of Defendant's personal involvement. Plaintiff alleges that he is being "Falsely Imprisoned by The Government [sic]." (Doc. 1, p. 10). Presumably "The Government" refers to the government prosecuting him, the Commonwealth of Pennsylvania, a named Defendant to this suit. *Id*. However, as discussed above in Section IV(E), the Commonwealth is immune and Plaintiff cannot bring a claim against the Commonwealth. Plaintiff states generally that all the named Defendants "has and

---

[71] *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). *See Harvard v. Cesnalis*, 973 F.3d 190, 202 (3d Cir. 2020).

[72] *Woloszyn*, 396 F.3d at 319.

[73] *Gannaway*, 150 F. Supp. 3d at 527 (citing *Chinchello*, 805 F.2d at 133).

[74] *James*, 700 F.3d at 682-83. *See Cesnalis*, 973 F.3d at 202.

are still violating multiple of my right(s) and amendment(s)," *Id.* at p. 7, and "know and have some type of dealing in this illegal matter thats [sic] being done to me," *Id.* at p. 12. These are conclusory statements and do not state how each of the remaining Defendants is personally involved in his alleged false imprisonment. Thus Plaintiff does not state a Fourth Amendment § 1983 false imprisonment claim.

### R. PLAINTIFF FAILS TO STATE A SIXTH AMENDMENT 42 U.S.C. § 1983 PUBLIC TRIAL CLAIM

Plaintiff appears to attempt to bring a Sixth Amendment § 1983 public trial claim. Again, Plaintiff must plead the deprivation of a federally protected right by a state official acting under the color of law[75] and each Defendant's personal involvement in that deprivation.[76] To begin with, it is unclear whether Plaintiff is able to bring a § 1983 public trial claim for monetary damages. If Plaintiff's Sixth Amendment public trial right was in fact violated, he "would be entitled to a new trial."[77] Plaintiff does not point to, nor can the Court find, support for the awarding of monetary damages for this kind of structural error.

Plaintiff alleges his "motions, court date(s), or pretrial and trial dates," are not being made public but does not explain how this is a violation of his right to a public trial. (Doc. 1, p. 12). The Supreme Court has instructed that "[t]he requirement of a

---

[75] *Woloszyn*, 396 F.3d at 319.

[76] *Gannaway*, 150 F. Supp. 3d at 527 (citing *Chinchello*, 805 F.2d at 133).

[77] *United States v. Lnu*, 575 F.3d 298, 305 (3d Cir. 2009) (citing *Neder v. United States*, 527 U.S. 1, 8 (1999)).

public trial is satisfied by the opportunity of members of the public and press to attend the trial and to report what they have observed."[78] Plaintiff has not had a trial yet. Even assuming the right to a public trial applied to a preliminary hearing, Plaintiff has not alleged any facts suggesting his preliminary hearing was closed.

Plaintiff additionally does not plead the personal involvement required for § 1983 claims. Plaintiff does not allege any facts showing that the remaining Defendants are personally involved with the denial of his public trial rights. He merely alleges that "none of my motions, court date(s), or pretrial and trial dates are being made public as its [sic] suppose [sic] to." (Doc. 1, p. 12). Thus, Plaintiff does not state a Sixth Amendment § 1983 public trial claim against Defendants.

### S. PLAINTIFF FAILS TO STATE A FIFTH OR FOURTEENTH AMENDMENT 42 U.S.C. § 1983 DUE PROCESS CLAIM

Plaintiff attempts to state a Fifth Amendment § 1983 due process claim. The Fifth Amendment "only applies to federal officials."[79] Plaintiff does not bring suit against any federal officials making the Fifth Amendment inapplicable to his case. However, given this Court's duty to liberally construe Plaintiff's Complaint, I will construe his claim as being brought under the Fourteenth Amendment, which applies to state action.[80]

---

[78] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 611 (1978). *See Lnu*, 575 F.3d at 306.

[79] *Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013).

[80] The standards to evaluate the two claims are essentially the same.

Even doing so, the Court cannot find any allegations that support a Fourteenth Amendment Due Process claim. In the legal claims section of his Complaint Plaintiff writes "5th Amendment – due process of law." (Doc. 1, p. 13). It is unclear how and when Plaintiff believes he was denied either procedural or substantive due process outside of the more specific Amendment claims he brings (e.g., Fourth Amendment false arrest, etc.). "The Supreme Court has held that when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. . . ."[81] Plaintiff's attempted Eighth Amendment §1983 cruel and unusual punishment claim would be properly asserted as a due process claim, however the Court cannot figure out what exactly Plaintiff is complaining of in this regard, other than the fact that he is currently in prison.[82] As the Court cannot identify what Fourteenth Amendment due process violations Plaintiff is complaining about, he fails to state a Fourteenth Amendment § 1983 due process claim.

**T. DEFENDANTS GRILL, GIEHL, AND BARRASSE MAY BE ENTITLED TO IMMUNITY FROM SUIT**

In deciding whether or how to amend his Complaint, Plaintiff may want to consider whether the remaining Defendants – Defendants Grill, Giehl, and Barrasse in their individual capacities – may be entitled to immunity.

---

[81] *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000) (citing *Cty. of Sacramento, et al. v. Lewis*, 523 U.S. 833, 842-43 (1998)). *See also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 261 (3d Cir. 2010).

[82] *Tri Thanh Nguyen*, 512 F. App'x at 190.

Judge Barrasse would likely qualify for absolute immunity as "[j]udges are absolutely immune from liability in civil actions, including section 1983 actions, for their judicial acts."[83] This immunity does not apply to "nonjudicial actions" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction."[84]

Defendant Grill would likewise almost certainly qualify for absolute immunity. Prosecutors are entitled to absolute immunity for actions "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and [] presenting the State's case . . . ."[85] They are also "entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth."[86]

Defendant Giehl maybe entitled to qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct."[87] As written, Plaintiff only speaks of Defendant Giehl in the context of his November 19,

---

[83] *William-Whitfield*, 2022 WL 657072, at \*5 (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

[84] *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

[85] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[86] *William-Whitfield*, 2022 WL 657072, at \*7.

[87] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

2020 arrest in his Complaint. Plaintiff does not allege there was no probable cause for Defendant Giehl to make that arrest and even suggests that there may have been a warrant out for his arrest. (Doc. 1, p. 6). "[A] a police officer is entitled to qualified immunity unless it would have been clear to a reasonable officer there was no probable cause to arrest."[88]

## U.  PLAINTIFF DOES NOT STATE A CLAIM UNDER THE PENNSYLVANIA CODE

Plaintiff attempts to bring claims under four sections of the Pennsylvania Code: 52 Pa. Code §5.331, 234 Pa. Code § 543, 207 Pa. Code § 421, and 234 Pa. Code § 570. It is not clear what claims Plaintiff is in fact trying to bring. To the extent Plaintiff attempts to bring a § 1983 claim under these sections he cannot do so as § 1983 requires Plaintiff to show the deprivation of a *federally protected right*.[89] Any rights these sections give Plaintiff would be state rights, not federal rights.

If Plaintiff is attempting to bring state law claims under these sections, he fails to point to any cause of action that would afford him damages or any other type of relief. Two of the sections Plaintiff cites to appear to be irrelevant to his case. 52 Pa. Code § 5.331 regards Public Utilities and proceedings involving the Public Utility Commission. 207 Pa. Code § 421 regards proceedings under the Court of Judicial

---

[88] *Gilles v. Davis*, 427 F.3d 197, 205 (3d Cir. 2005).
[89] *Woloszyn*, 396 F.3d at 319.

Discipline. 234 Pa. Code § 543 and 234 Pa. Code § 570 are Pennsylvania Rules of

Criminal Procedure that are presumably applicable to Plaintiff's state criminal case.

However, Plaintiff does not identify a cause of action that would make these sections

of the Pennsylvania Code the appropriate vehicle to bring his claims for monetary

damages under. Plaintiff thus fails to state a claim under the Pennsylvania Code.

### V. Plaintiff Does Not State a Claim Under The United States Code

Plaintiff appears to attempt to bring claims against all Defendants under seven

sections of the United States Code. However, it is not clear what exactly Plaintiff's

claims are, in violation of Federal Rule of Civil Procedure 8. After citing to these

sections in his Complaint he states that the Defendants "are in violation" of the

United States Code. (Doc. 1, p. 15).

As to 18 U.S.C. §§ 3161-3174, Plaintiff fails to identify how these sections

apply to his state criminal case or where they provide a private right of action. These

sections instruct on speedy trials *in federal court*.[90] Plaintiff is being prosecuted in

state court.

---

[90] The sections Plaintiff attempts to bring his claims under fall under Part II – Criminal Procedure of Title 18. Chapter 201, §3001, General Provisions instructs to see Federal Rule of Criminal Procedure Rule 1 for the scope. Federal Rule of Criminal Procedure 1(a)(1) states "these rules govern the procedure in all criminal proceedings in the United States district courts, the United States court of appeals, and the Supreme Court of the United States."

Plaintiff cites to multiple sections of Title 18 of The United States Code, Part I, the federal criminal code. 18 U.S.C. §§ 1201-1204 detail the crime of Kidnapping. 18 U.S.C. § 241 details the crime of Conspiracy against rights. 18 U.S.C. § 242 details the crime of Deprivation of rights under color of law. Plaintiff attempts to bring a claim under "18 U.S.C. . . . sec 1501-1521." (Doc. 1, p. 14). However, Plaintiff appears to quote language from 18 U.S.C. § 1510 which details the crime of Obstruction of criminal investigations, with Plaintiff citing § 1510(b)(1) relating to officers of financial institutions. 18 U.S.C. § 1521 details the crime of Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title. 18 U.S.C. § 1621 details the crime of Perjury generally. Plaintiff cannot bring federal criminal charges.[91] The non-prosecution of individuals who could potentially be prosecuted for federal crimes (even crimes committed against Plaintiff) does not violate Plaintiff's rights. Plaintiff does not identify a private right of action conferred by these sections. Therefore, Plaintiff does not state a claim under these sections of the United States Code.

Plaintiff brings claims under "28 U.S.C. § 1495 – 2513." (Doc. 1, p. 14). 28 U.S.C. § 1495 provides that "the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly

---

[91] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636-39 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014).

convicted of an offense against the United States and imprisoned." 28 U.S.C. § 2513 lays out the elements and other details for a person suing under 28 U.S.C. § 1495. To begin with, this Court is not the United States Court of Federal Claims. Moreover, 28 U.S.C. § 1495 requires a *conviction* of an offense *against the United States*. Plaintiff has not been convicted, much less convicted of an offense against the United States, he is facing state criminal charges. Therefore, Plaintiff may not bring a claim under 28 U.S.C. § 1495 and § 2513.

To the extent Plaintiff is trying to bring § 1983 claims under any of these sections of the United States Code, he fails to identify what federally protected rights these sections of the United State Code give him and how they have been deprived. Showing the deprivation of a federally protected right is an essential element of a § 1983 claim and Plaintiff does not do so. Thus Plaintiff does not state any claims under the United States Code.[92]

Again, the Court notes for Plaintiff that 18 U.S.C. §§ 3161-3174 applies to federal criminal cases, that he is unable to press federal criminal charges and is unable to bring a claim under 28 U.S.C. § 1495 and § 2513.

[The next page contains the Conclusion]

---

[92] *Woloszyn*, 396 F.3d at 319.

## V. CONCLUSION

As written, Plaintiff's Complaint fails to state a claim on which relief could be granted rendering his claims meritless and subject to dismissal. Should Plaintiff choose to amend his Complaint he must comply with Federal Rules of Civil Procedure 8 and 10 and plead sufficient facts to give the Court "a reasonable expectation that discovery will reveal evidence" of all the elements of each claim against each Defendant he seeks to bring those claims against.[93]

An appropriate Order will follow.


Date:  October 27, 2022                          BY THE COURT

                                                 *s/William I. Arbuckle*
                                                 William I. Arbuckle
                                                 U.S. Magistrate Judge

---

[93] *Twombly*, 550 U.S. at 556; *Phillips*, 515 F.3d at 234.